IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                           DALLAS DIVISION

ONDOVA LIMITED COMPANY,        §
                               §
               Plaintiff,      §
                               § Civil Action No. 3:07-CV-0001-D
VS.                            §
                               §
MANILA INDUSTRIES, INC., et al.,§
                               §
               Defendants.     §

                      MEMORANDUM OPINION
                         AND ORDER

   Plaintiff Ondova Limited Company ("Ondova") moves under Fed. R. Civ. P. 41(a)(2) to dismiss without prejudice the remainder of this action. For the reasons that follow, the court grants the motion.[*]

   "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2003). Defendants oppose Ondova's motion, contending that they will be prejudiced by being denied the opportunity to file a summary judgment motion. They maintain that this is an important opportunity because the court previously predicted that the claim

---

   [*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

against defendant Rohit Krishan ("Rohit") would fail. *See Ondova Ltd. Co. v. Manila Indus., Inc.*, 2007 WL 1828025, at *10, *12 (N.D. Tex. June 20, 2007) (Fitzwater, J.) (holding that Rohit was improperly joined to defeat diversity, because Ondova had no reasonable possibility of recovering against Rohit). Defendants neither contend that the court is obligated to grant summary judgment as to the claims against Rohit based on its prior ruling, nor do they assert that, if it were bound to do so, other courts would not likewise be bound to do so based on collateral estoppel. Rather, their sole basis for asserting prejudice appears to be that the court has already indicated that Rohit will be entitled to summary judgment if he seeks it, and that allowing Ondova voluntarily to dismiss the balance of its suit would deprive defendants of the ability to obtain this relief. The court concludes that this is not the type of plain legal prejudice that is necessary to support denying Ondova's Rule 41(a)(2) motion.

Because defendants have failed to demonstrate legal prejudice, and since there are no other motions pending before the court, the court grants Ondova's motion to dismiss without prejudice. *See Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988) (Fitzwater, J.) ("[D]enial of a [Rule 41(a)(2)]motion to dismiss should be reserved only for those cases where the defendant demonstrates: (1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion;

or (2) that there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice.") (footnote omitted). By judgment filed today, this action is dismissed without prejudice. The parties shall bear their own taxable costs of court.

**SO ORDERED.**

November 28, 2007.

                                                _____
                                                SIDNEY A. FITZWATER
                                                CHIEF JUDGE